UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THONG CHI DUONG,<br><br>                               Petitioner,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; PAMELA BONDI, U.S. Attorney General; TODD LYONS, in his official capacity as Acting Director of ICE; Jesus Rocha, in his official capacity as Acting Field Office Director, San Diego Field Office; and CHRISTOPHER LAROSE, in his official capacity as Warden of Otay Mesa Detention Center,<br><br>                              Respondents. | Case No.: 3:26cv1002-JES-BJW<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; and**<br><br>**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[ECF Nos. 1, 2] |

      Before the Court is Petitioner Thong Chi Duong's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner concurrently filed a Motion for Temporary Restraining ("TRO"). ECF No. 2. Pursuant to the Court's order to show cause (ECF No. 3), Respondents filed a return to the petition and Petitioner filed a traverse. ECF Nos. 5, 6. For the reasons set forth below, the Court **GRANTS** the petition and **DENIES AS MOOT** the motion for TRO.

## I. BACKGROUND

Petitioner, a native of Vietnam, came to the United States with his father in 1992. ECF No. 1 at 4. As a result of criminal convictions, Petitioner became removable and was ordered removed to Vietnam on April 11, 2001. *Id.* Petitioner was then released from detention on an Order of Supervision due to Immigration and Custom Enforcement's ("ICE") inability to remove him at that time. *Id.* Neither party states how long Petitioner was in detention before his release.

Petitioner alleges that during the 2000s, he was in and out of jail and ICE custody. ECF No. 1 at 20. He alleges that every time he was in ICE custody, he was held for 6-7 months, but they were never able to deport him and released him. *Id.* He claims that the last time he was detained and released was in 2010. *Id.*

In April 2025, Petitioner alleges that he was released on bond from the San Diego County jail. *Id.* He was arrested by ICE a few days later when he was on his way to work. *Id.* He claims that he was detained for three months by ICE at that time, and was released back on July 7, 2025, back to San Diego County Jail, where he pled guilty. *Id.* After serving his sentence, he was then released back into ICE custody on February 12, 2026, and is currently being detained at Otay Mesa Detention Center. *Id.*

In his Petition, Petitioner asserts two claims: (1) ICE failed to comply with its own procedures to re-detain him, in violation of its own regulations and due process; and (2) his re-detention is in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001);. *Id.* at 8-16.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means

of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.   DISCUSSION

#### A.   Jurisdiction

As a threshold matter, Respondents argue that Petitioner's claims are all barred by 8 U.S.C. § 1252. ECF No. 5 at 3-4. The Court has considered and rejected this argument in its previous orders, and adopts its reasoning here. *See, e.g.*, *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629, at *2 (S.D. Cal. Sept. 26, 2025); *Van Tran v. Noem*, No. 25-CV-2334-JES-MSB, 2025 WL 2770623, at *2 (S.D. Cal. Sept. 29, 2025); *Rios v. U.S. Dep't of Homeland Sec.*, No. 3:25-CV-01796-JES-DEB, 2025 WL 3022854, at *1 (S.D. Cal. Oct. 29, 2025). Thus, the Court concludes that it has jurisdiction to hear Petitioner's claims on the merits.

#### B.   Due Process

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that Clause protects." *Id.* at 690. A person at risk of a suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

The detention and release of noncitizens that are subject to a final order of removal is governed by 8 U.S.C. § 1231. This statute provides that "when an alien is ordered

removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." *Id*. § 1231(a)(3).

Supervised release and any revocation of such release thereafter is governed by either 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. *Diaz v. Wofford*, No. 1:25-CV-01079 JLT EPG, 2025 WL 2581575, at *4 (E.D. Cal. Sept. 5, 2025). In its return, Respondents cite to both provisions as valid grounds to re-detain Petitioner so the Court will address both.

The Court previously addressed what both these provisions required in *Van Nguyen v. Noem*, No. 3:25-CV-3062-JES-VET, 2025 WL 3251374, at *1 (S.D. Cal. Nov. 21, 2025); s*ee also Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-CV-2111-JES-DEB, 2025 WL 2988356 (S.D. Cal. Oct. 23, 2025). First, with regards to § 241.4(l), the Court found that revocation under any part of this provision—either § 241.4(l)(1) or § 241.4(l)(2)—requires an adequate notice of the reasons for the revocation of release and a prompt initial informal interview to afford the alien an opportunity to respond to the reasons given in the notice. *Id.* at *2. Second, with regards to 8 C.F.R. § 241.13(i), the Court similarly found that revocation under this provision requires the following: (1) ICE to determine that the detainee is likely to be removed in the reasonably foreseeable future "on account of changed circumstances;" (2) that the alien "will be notified of the reasons for revocation of his or her release;" and (3) after the alien's detention for revocation of release, a prompt initial informal interview at which the alien could respond to the reasons for revocation. *Id.* Violation of any these procedures may form the basis of a Due Process violation. *Id.* Thus, these provisions together, at a minimum, require Petitioner to have received adequate notice of the reasons for his revocation of release and an opportunity to be heard on those issues. *Id.* at 3. The Court adopts the full reasoning of *Van Nguyen* here.

Here, it does not appear disputed that Petitioner has been ordered released on orders of supervision between when he was first found removable and through his latest re-detention and it is not disputed that Petitioner has been charged with crimes in state court

during this time.[1] The issue is not whether the government has significant discretion to enforce immigration laws and discretion to revoke a noncitizens' release from their detention—it is not the Court's province to answer that question. However, even in the face of such discretion of revocation, courts have repeatedly found that once ICE decides to release a noncitizen from their custody, that provides the noncitizen with a "protected liberty interest". *See M.S.L. v. Bostock*, Civ. No. 6:25-cv-01204-AA, 2025 WL 2430267, at *8 (D. Or. Aug. 21, 2025); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1163 (S.D. Cal. 2025) (finding liberty interest based on order of supervised release); *Yang v. Kaiser*, No. 2:25-CV-02205-DAD-AC (HC), 2025 WL 2791778, at *8 (E.D. Cal. Aug. 20, 2025) (same); *Nazarian v. Noem*, No. EDCV 25-02694-KK-ADSX, 2025 WL 3236209, at *3 (C.D. Cal. Nov. 3, 2025) ("Thus, a noncitizen under an OSUP has a constitutional liberty interest in their continued release from immigration detention."); *Doe v. Becerra*, 2025 WL 691664, at *5 (E.D. Cal. 2025) ("Governmental actions may create a liberty interest entitled to the protections of the Due Process Clause."). And even with such discretion to revoke, "the noncitizen's liberty interests are still implicated by his or her re-detention." *Constantinovici*, 806 F. Supp. 3d at 1163. In other words, even if the government had legitimate reasons to revoke its previously granted release on a previously granted order of supervision, it must still comply with due process requirements to do so.

Thus, what is in the Court's province to decide is whether due process protections, particularly procedural due process protections outlined above, were followed when ICE re-detained Petitioner's after his releases. In Respondents' return, there is no indication that any notice spelling out reasons for re-detention was given to him, nor any informal interview or other opportunity to be heard was ever held. The Court therefore concludes that Respondents failed to follow their own regulations in re-detaining Petitioner. Like

---

[1] The Court has not been provided detailed information on the crimes, though some appear to be drug possession crimes. It also appears that Petitioner served out his last criminal sentence before he was most recently re-detained.

many other district courts within this circuit, the Court finds that these failures constitute a violation of Petitioner's due process rights and justify his release. *M.S.L.*, 2025 WL 2430267, at *12; *Constantinovici*, 2025 WL 2898985, at *7; *Nazarian*, 2025 WL 3236209, at *7; *Yang*, 2025 WL 2791778, at *11.

Accordingly, Petitioner's habeas petition is **GRANTED** on this ground, and Petitioner is ordered **RELEASED**. In light of the disposition, the Court declines to address the remaining claims in the Amended Petition.[2]

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on the Due Process ground, Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of the most recent Order of Supervision he was issued from ICE when they released him from their custody. The petition is **DENIED AS MOOT AND WITHOUT PREJUDICE** to the other grounds. Further, the motion for TRO is also **DENIED AS MOOT**.

The Parties are **ORDERED** to file a Joint Status Report no later than **5:00 p.m.** on **March 4, 2025**, confirming that the Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: February 27, 2026

Honorable James E. Simmons Jr.
United States District Judge

---

[2] Regarding the claim under *Zadvydas*, even if the Court were to reach this claim, Petitioner does not present sufficiently detailed information and evidence regarding the total length of his detention. If Petitioner were to raise this claim again in the future, the Court cautions Petitioner that he would need to submit more documents and information to substantiate a more accurate calculation of his cumulative detention time in ICE custody.